Mrs. May Pearl FLINT et vir, Appellants,

v.

A. B. CULBERTSON, Receiver for Fraternal Bank & Trust Company, Appellee.

No. 15888.

Court of Civil Appeals of Texas.

Fort Worth.

Jan. 10, 1958.

Rehearing Denied Feb. 7, 1958.

Tuchin & Mehl, Milton J. Mehl and Stanley Freed, Fort Worth, for appellants.

Ernest May, Fort Worth, for appellee.

MASSEY, Chief Justice.

Fraternal Bank & Trust Company was a joint stock company. See Title 105, Chapter 2, Article 6133 et seq., Vernon's Ann.Civ.St. It became insolvent. A. B. Culbertson was appointed receiver for the purposes of liquidation.

Under provisions of Article 6136, a judgment rendered against a joint stock company or association shall be binding on the joint property of all the stockholders or members, but such judgment shall not be binding on the individual property of said persons.

Under the provisions of Article 6137, such a judgment, when rendered against a joint stock company or association, shall become binding upon the individual property of the stockholders or members if pursuant to the litigation citation is served upon said stockholders or members. The Article further provides that executions shall not issue against the individual property until execution issued against the joint property has been returned without satisfaction

A. B. Culbertson, as receiver for the purposes of liquidation, filed a suit for declaratory judgment against the stockholders or members of the Fraternal Bank & Trust Company seeking judicial declaration that the stockholders and members of said Bank were individually liable and their individual property subject to execution in the event the Bank's creditors could not be satisfied and the expense of liquidation paid from the proceeds to be realized from a disposition of the joint property.

May Pearl Flint was named one of the defendants in the action. Mrs. Flint, joined pro forma by her husband, answered in the case, asserting that because she was a married woman she could not be a partner with the other stockholders and members of the Company and that she was exempt from the provisions of Article 6137.

Judgment in the trial court was in favor of the receiver and Mrs. Flint appealed.

Judgment is affirmed.

▬ Joint stock companies are to be treated as partnerships in respect of obligations to third parties, though in other respects—strictly speaking—they are neither partnerships as defined in commercial law nor limited partnerships under the terms of the statutes. 25 Tex.Jur., p. 173, "Joint Stock Companies", sec. 3, "—Relation to Corporation or Partnership". It is easy to hypothesize a situation under facts of no analogy to those before us where the decision to be rendered upon the matter of liability of a married woman who is a stockholder or member of such a company would be controlled by the rules relating to contract rather than controlled because of her status as a "member" or "stockholder". However, in the test of application of Articles 6136 and 6137 in an instance where such a woman voluntarily entered the company at a time when no inhibition of the law was operative to restrict her action, her subsequent entry into a matrimonial compact could not operate to affect her status as a "member" or "stockholder" if then existent in a joint stock company. In such an instance, her liability would be fixed by status and she would enjoy a position no different from her companion stockholders in the company. Just as the provisions of Article 6137 would apply to the other stockholders and their individual property, they would likewise apply to her and her individual property.

Mrs. Flint acquired her shares of stock in the Fraternal Bank & Trust Company by inheritance from a former husband. She indisputably was pleased with and accepted her inheritance at a time when no inhibition of law prohibited her entry into compact with the other stockholders in the identical manner her deceased husband had done. She subsequently married. Her status in relation to the Bank was not affected thereby. It logically follows that the provisions of Article 6137 apply to her and her property.

Judgment is affirmed.